# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIMMEO CHRISTMAS,
　　　　　　Appellant,

v.

DEPARTMENT OF EDUCATION,
　　　　　　Agency.

DOCKET NUMBER
DC-0752-20-0349-I-1

DATE: August 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Claire Cooke, Esquire, Dallas, Texas, for the appellant.

Eun Kim, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's 30-day suspension based on four charges of misconduct. The appellant has filed a petition for review, arguing, among other things, that the administrative judge erred in his factual findings and credibility determinations, erred in sustaining the charges, failed to consider mitigating factors, and erred in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

finding that the agency action was not taken in reprisal for whistleblowing and in retaliation for equal employment opportunity (EEO) activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

As noted, the appellant disputes the administrative judge's finding that she failed to establish that she made a protected disclosure under 5 U.S.C. § 2302(b)(8). Initial Appeal File (IAF), Tab 39, Initial Decision (ID) at 29; Petition for Review (PFR) File, Tab 4 at 13. Specifically, she argues that she disclosed in an email addressed to her supervisor and the deciding official that her supervisor smelled as if she drank alcohol either on-duty or right before reporting to duty.

---

[2] The appellant argues that the administrative judge did not consider all of the evidence, but the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant also argues that charges three and four should have been merged, but because the charges have different elements of proof, merger was not appropriate. *See Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 5 (2005); *Mann v. Department of Health & Human Services*, 78 M.S.P.R. 1, 7 (1998).

PFR File, Tab 4 at 13.  However, the actual language of her email does not reflect such a disclosure.

The relevant portion of the email chain begins with the appellant emailing her supervisor as follows: "Respectfully, I need to bring to your (sic) I smelled a strong odor and it was so strong and smelled close to alcohol.  I could be mistaken."  IAF, Tab 28 at 36.  When her supervisor responded that she took offense to the implication that she smelled of alcohol, the appellant responded "[m]y apologies but I did smell a strong odor.  Thanks."  *Id*.

To establish that she made a protected disclosure, the appellant must demonstrate by preponderant evidence that she disclosed information that she reasonably believed evidenced a situation covered by 5 U.S.C. § 2302(b)(8)(A).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016).  Whether an employee has a reasonable belief is determined by an objective test: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the matters disclosed show one of the categories of wrongdoing set out in the statute.  *Id*.  The appellant need not prove that the matter disclosed actually established one of the situations detailed under 5 U.S.C. § 2302(b)(8)(A); rather, the appellant must show that the matter disclosed was one which a reasonable person in her position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8)(A).  *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).

The appellant's email does not disclose information that a disinterested observer could reasonably believe evidenced one of the categories of wrongdoing under 5 U.S.C. § 2303(b)(8)(A).  In the email, the appellant does not expressly accuse her supervisor of consuming alcohol, resorting instead to vague references to smelling a "strong odor" that smelled "close to alcohol."  IAF, Tab 28 at 36.  Further, she makes no other statements that would indicate that she believed her supervisor was intoxicated or otherwise impaired while on duty.  *Id*.  Thus, the appellant merely stated that she smelled a strong odor, which may have been

alcohol, but concludes that she may have been mistaken. *Id*. Such vague, conclusory, and unsupported allegations are insufficient to establish a protected disclosure. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015); *see Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 9 (2016) (finding that the appellant's conclusory assertions, without any further details, were insufficient to establish that the appellant made in a protected disclosure). Accordingly, we agree with the administrative judge's findings that the appellant failed to establish that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).[3] ID at 29.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] The appellant also disputes the administrative judge's finding that she failed to establish that her EEO activity was a motivating factor in her removal. PFR File, Tab 4 at 13; ID at 26. We find that the administrative judge came to the reasoned conclusion that the appellant failed to establish that her EEO activity was a motivating factor in the adverse action. ID at 26. Accordingly, we need not reach the question of whether the appellant met the more stringent burden to show that her EEO activity was a but-for cause of the agency's action. *See Pridgen v. Office of Management and Budget*, 2022 MPSB 31, ¶¶ 20-22.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.